```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
MARK GARRAWAY,                           :
                                         :
                Petitioner,              :     02 Civ. 9657  (JSR)
                                         :
                -v-                      :     MEMORANDUM ORDER
                                         :
WILLIAM PHILLIPS, Superintendent,        :
Green Haven Correctional Facility,       :
                                         :
                Respondent.              :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

      On April 28, 2006, the Honorable Henry Pitman, United States Magistrate Judge, issued a Report and Recommendation ("Report") in the above-captioned matter recommending that a writ of habeas corpus be issued unless, within ninety days of the final termination of this matter, the New York State Supreme Court conducts a reconstruction hearing concerning petitioner's Batson motion opposing the striking of venireperson Martin.  In all other respects, however, the Report determined that petitioner's habeas claims were without merit.[1]  After the Report issued, Respondent submitted an objection dated June 13, 2006, and Petitioner submitted an objection dated June 23, 2006.  Full familiarity with the Report, the submissions of the parties, and the procedural history of this case, is here assumed.

      Having carefully considered the matter de novo in light of these objections, the Court agrees with the Magistrate Judge that all

---

[1] On June 6, 2006 Judge Pitman issued a supplemental Report and Recommendation, clarifying that an aspect of Garraway's ineffective assistance of counsel claim purportedly overlooked in the original Report would not provide any basis for habeas corpus relief.  All references hereinafter to the Report refer to both the original and supplemental Report and Recommendation.

of petitioner's claims except the one relating to the Batson challenge to venireperson Martin are without merit.  But the Court agrees the respondent that this latter claim is also without merit.

The Report recommends a reconstruction hearing -- even though a decade has passed since the trial[2] -- because, in response to a Batson challenge made at trial by defense counsel, the prosecutor, though stating that he was able to provide race-neutral explanations for all seven challenged venirepersons, inadvertently neglected to provide any explanation for one challenged venireperson (Ms. Martin) and gave instead an explanation for a venireperson not challenged (Mr. Arauz) along with adequate neutral explanations for striking the other six.  Rpt. at 18-19.  Although the prosecutor then realized that he had given an explanation for one unchallenged juror, he neglected to go back and offer an explanation for the overlooked challenged juror.  Defense counsel did not call this inadvertent omission to the trial court's attention, and the trial judge, after finding that all of the explanations that had been given were race-neutral, denied the Batson challenge.  Id. at 19.

Under these circumstances, a reconstruction hearing is unnecessary, because there is no potential Batson problem to be clarified.  After a Batson challenge is made, the "ultimate burden of persuasion regarding racial motivation rests with, and never shifts

---

[2] By letter dated February 21, 2007, counsel for respondent advised the Court that the trial prosecutor now resides in Arizona and has no specific recollection of the individual jurors and that the case file has been destroyed.

from, the opponent of the strike" -- in this case, the petitioner. <u>Purkett v. Elem</u>, 514 U.S. 765, 768 (1995) (per curiam ). Consequently, even in "the unlikely hypothetical in which the prosecutor declines to respond to a trial judge's inquiry," <u>Johnson v. California</u>, 545 U.S. 162, 171 n.6 (2005), a trial court should not treat the <u>Batson</u> challenge as presumptively correct. <u>Id.</u> at 171.

     In this case, the trial judge, in the best position to assess the situation, unequivocally determined that petitioner had failed to carry his burden. <u>See</u> <u>Messiah v. Duncan</u>, 435 F.3d 186, 198-200 (2d Cir. 2006) (stating a trial judge is entitled to "great deference" and "need not engage in 'a talismanic recitation of specific words in order to satisfy <u>Batson</u>.'" ) (quoting <u>Galarza v. Keane</u>, 252 F.3d 630, 640 n.10 (2d Cir. 2001)). The happenstance that, in the course of proffering seven race-neutral explanations for seven challenged jurors, the prosecutor got momentarily confused as to one of the jurors in question and as a result never articulated a race-neutral reason for striking one of the seven jurors does not in any way detract from his strong showing that he had race-neutral reasons throughout and certainly does not render the trial judge's finding "clearly erroneous," particularly in view of defense counsel's failure to even notice the error when it could still be meaningfully addressed. A contrary rule in this case would only invite future defense counsel to remain silent for tactical reasons. Thus, as the <u>Batson</u> challenge was properly denied by the trial judge, a reconstruction hearing is not required.

Accordingly, the Court hereby dismisses Garraway's habeas petition with prejudice. In addition, despite the Court's very high respect for the Magistrate Judge, the Court is of the view that petitioner has not made a substantial showing of the denial of a constitutional right, and therefore a certificate of appealability will not issue, see 28 U.S.C. § 2253, and the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Moreover, as petitioner's claim lacks any arguable basis in law or fact, permission to proceed in forma pauperis is also denied. 28 U.S.C. § 1915(g); see also Seimon v. Emigrant Savs. Bank (In re Seimon), 421 F.3d 167, 169 (2d Cir. 2005). Clerk to enter judgment.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       May 3, 2007